IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Carlotta Motsinger, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 4:11-cv-01734-JMC |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Nationwide Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Quash and For a Protective Order [Dkt. No. 74]. Nationwide seeks to quash Plaintiff Carlotta Motsinger's ("Motsinger") attempt to reopen the depositions of former Nationwide Claims Representatives Tina Wiggins Ramsey ("Ramsey") and Jennifer Barton-Van Meter ("Van Meter").

The instant matter involves Motsinger's claims for insurance bad faith, breach of contract and abuse of process. Motsinger sought coverage as a Class I insured[1], claiming that she and Workman were common law husband and wife at the time of the accident.[2] By claiming Class I insured status, Motsinger could "stack"[3] all underinsured motorist ("UIM") coverage available

---

[1] Under South Carolina law, a Class I insured includes the named insured, the insured's spouse, and the insured's relatives residing in his household. *See Concrete Services, Inc. v. U.S. Fidelity & Guar. Co.*, 331 S.C. 506, 498 S.E.2d 865 (1998).

[2] South Carolina recognizes common law marriage by statute. *See* S.C. Code Ann. 20-1-360 (1985) ("Nothing contained in this article shall render illegal any marriage contracted without the issuance of a license").

[3] "Stacking refers to an insured's recovery of damages under more than one insurance policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted." *Nakatsu v. Encompass Indem. Co.*, 390 S.C. 172, 178, 700 S.E.2d 283, 286 (Ct.

1

under Motsinger's two Nationwide automobile insurance policies. Motsinger alleges that Nationwide has breached the duty of good faith by challenging the validity of Motsinger's common law marriage claim and refusing benefits pursuant to two policies of UIM coverage.

Motsinger took the deposition of Ramsey on June 13, 2012, and the deposition of Van Meter on June 14, 2012. During the deposition, counsel for Nationwide objected to several of the questions asked by Motsinger's counsel and instructed the deponents not to answer certain questions. Motsinger's counsel certified the questions, which were recorded by the court reporter. Motsinger asserts that Nationwide's counsel acted improperly in instructing Ramsey and Van Meter not to answer certain non-privileged questions. Motsinger also asserts that because Defendant failed to timely file for a protective order, Nationwide's objections based on privilege are now waived. Motsinger seeks to reopen the depositions.

## DISCUSSION

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. Rule 30(c)(2) provides that:

> "any objection at the time of the examination must be stated concisely in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

FED. R. CIV. P. 30(c)(2). Counsel may not instruct a witness not to answer on the grounds that the questions are harassing or argumentative. *Hulsey v. HomeTeam Pest Def. LLC*, No. 2:10–cv–03265–DCN, 2012 WL 1533759 (D.S.C. May 1, 2012). Moreover, South Carolina Local Civil Rule 30.04(c) provides that when counsel directs a witness not to answer a question on permissible grounds per Rule 30(c)(2) of the Federal Rules of Civil Procedure, counsel shall

---

App. 2010) (quoting *State Farm Mut. Auto. Ins. Co. v. Moorer,* 330 S.C. 46, 60, 496 S.E.2d 875, 883 (Ct. App. 1998)).

move the court for a protective order under Local Civil Rule 26(c) or 30(d)(3) within seven days of the termination of the deposition. Failure to timely file such a motion constitutes a waiver of the objection and "the deposition may be reconvened." Local Civil Rule 30.04(c) DSC; *see also* FED. R. CIV. P. 30(c)(2).

The court has discretion in granting or denying discovery requests. *See generally Tiedman v. Am. Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958). Accordingly, the availability of a second deposition is also within the trial court's discretion. *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 239 (S.D.N.Y. 2002). Pursuant to Rule 30(a)(2)(A)(ii), a party must obtain leave of the court to conduct a deposition when, as here, "the deponent has already been deposed in the case . . . ." FED. R. CIV. P. 30(a)(2)(A)(ii). The court must grant leave to the extent such a request is consistent with Rule 26(b)(2), which provides that discovery should be limited if the discovery sought is unreasonably cumulative, if the party seeking discovery has had opportunities to obtain the same information elsewhere, and if the burden or expense of the discovery sought outweighs the likely benefit. FED. R. CIV. P. 26(b)(2)(C).

**1. Van Meter**

Nationwide's counsel instructed Van Meter not to answer the following questions, and Motsinger's counsel certified the questions in the court reporter's transcript for the court's review:

- "Do you think that an insurance company should be allowed to ask a family court to validate or invalidate a marriage?"
- "Well, do you believe an insurance company has the continuing duty to settle a claim?"
- "Is Nationwide just looking for a reason not to pay this claim?"

Counsel's direction to Van Meter not to answer the question was improper because counsel did not object on the three permissible grounds.

Counsel further instructed Van Meter not to answer the following questions on the grounds of attorney-client privilege and the attorney work product privilege, and Motsinger's counsel certified the questions in the court reporter's transcript for the court's review:

- "Why have you not settled this case?" Van Meter Deposition [Dkt. No. 75-10 at 2].
- "Why did you never make any attempt to settle this case after receiving this file?" Van Meter Deposition [Dkt. No. 75-10 at 2].

While counsel's objections may have been valid, the record does not show that Nationwide's counsel moved for a protective order within seven (7) days of the deposition as required by Local Civil Rule 30.04(c) DSC. In fact, counsel did not seek a protective order until October 15, 2012, following Motsinger's notice seeking to redepose Ramsey and Van Meter. Furthermore, Motsinger's counsel reserved the right to hold the deposition open to have Van Meter answer these questions and inquire further regarding Van Meter's involvement with Motsinger's claim. Therefore, Nationwide's Motion to Quash and Motion for Protective Order are denied as to Van Meter. Motsinger may reopen the deposition with Van Meter. The parties are encouraged to arrange and conduct the deposition in any reasonable manner that will allow for an expeditious resolution.

**2. Ramsey**

With regard to the Ramsey deposition, Nationwide's counsel instructed Ramsey not to answer the following questions, and Motsinger's counsel certified the questions in the court reporter's transcript for the court's review:

- "When a coverage issue arises under a policy, is it the insured's burden to prove that the coverage does exist or is it the insurance company's burden to show that coverage does not exist before they can deny a claim?" Ramsey Deposition Cited Excerpts [Dkt. No. 75-5 at 3].
- "Would you agree with me that an insurance company should only file suit against their own insured as a last resort?" Ramsey Deposition Cited Excerpts [Dkt. No. 75-5 at 8].
- "Do you know how much Nationwide has paid to date in attorney's fees?" Ramsey Deposition Cited Excerpts [Dkt. No. 75-5 at 6].

Nationwide's counsel based his objections to the first two questions on the grounds that the questions called for legal conclusions, which he asserted Ramsey was not qualified to answer. As to the question regarding the amount Nationwide had paid by that time in attorneys' fees, Nationwide's counsel asserted that such information was not relevant.

Here again, Nationwide's counsel's instructions that Ramsey not answer were improper. While Motsinger's counsel reserved the right to hold the deposition open and recall Ramsey to answer the questions for which no response was given, the court finds that the burden of redeposing Ramsey would outweigh any potential benefit. *See* FED. R. CIV. P. 26(b)(2)(C). Ramsey's opinion about the burden of proof required for the insurer's denial of a claim is an opinion regarding a legal issue and is therefore not calculated to lead to any admissible evidence. The same can be said of Ramsey's opinion regarding when and whether an insurer "should" file suit against an insured. As to the question regarding the amount Nationwide has paid in attorney's fees, the court notes that the amount now would likely be significantly changed given the ongoing litigation and the delay since this deposition was taken. As a former claims representative, Ramsey most likely has no information regarding Nationwide's total expenditures

on this matter. Therefore, the court grants Nationwide's Motion to Quash and Motion for Protective Order as to Ramsey.

## CONCLUSION

For the reasons stated above, the court **DENIES** Nationwide's Motion to Quash and Motion for Protective Order [Dkt. No. 74] as to Van Meter but **GRANTS** the motions as to Ramsey.

**IT IS SO ORDERED.**

May 21, 2013
Greenville, South Carolina

*J. Michelle Childs*
United States District Judge