IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carlotta Motsinger, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 4:11-cv-01734-JMC |
| v. ) | |
| ) | **ORDER** |
| Nationwide Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the court is Plaintiff Carlotta Motsinger's ("Motsinger") Amended Motion to Compel Discovery Reponses [Dkt. No. 79] from Defendant Nationwide Mutual Insurance Company ("Nationwide"). The motion is granted in part and denied in part.

The instant matter involves Motsinger's claims for insurance bad faith, breach of contract and abuse of process. Motsinger sought coverage as a Class I insured[1], claiming that she and Workman were common law husband and wife at the time of the accident.[2] By claiming Class I insured status, Motsinger could "stack"[3] all underinsured motorist ("UIM") coverage available under Motsinger's two Nationwide automobile insurance policies. Motsinger alleges that

---

[1] Under South Carolina law, a Class I insured includes the named insured, the insured's spouse, and the insured's relatives residing in his household. *See Concrete Services, Inc. v. U.S. Fidelity & Guar. Co.*, 331 S.C. 506, 498 S.E.2d 865 (1998).

[2] South Carolina recognizes common law marriage by statute. *See* S.C. Code Ann. 20-1-360 (1985) ("Nothing contained in this article shall render illegal any marriage contracted without the issuance of a license").

[3] "Stacking refers to an insured's recovery of damages under more than one insurance policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted." *Nakatsu v. Encompass Indem. Co.*, 390 S.C. 172, 178, 700 S.E.2d 283, 286 (Ct. App. 2010) (quoting *State Farm Mut. Auto. Ins. Co. v. Moorer,* 330 S.C. 46, 60, 496 S.E.2d 875, 883 (Ct. App. 1998)).

1

Nationwide has breached the duty of good faith by challenging the validity of Motsinger's common law marriage claim and refusing benefits pursuant to two policies of UIM coverage.

The instant motion regards Nationwide's responses to Motsinger's Interrogatories and Requests for Production. Motsinger filed her first Motion to Compel [Dkt. No. 18] on December 12, 2011, alleging that Defendant's responses were incomplete and insufficient. Following a hearing on March 27, 2012, the Magistrate Judge previously assigned to this case held a hearing on the discovery dispute and ordered Nationwide to provide supplemental responses within ten (10) days. Motsinger found the supplemental responses similarly insufficient and incomplete and filed a Second Motion to Compel [Dkt. No. 60] on April 13, 2012. On November 26, 2012, this court[4] dismissed the Second Motion to Compel without prejudice on the grounds that the parties had failed to consult with each other to resolve the matter. The court ordered Motsinger to file by December 7, 2012, either a status letter or an Amended Second Motion to Compel. Motsinger timely filed her Second Amended Motion to Compel Discovery Responses. [Dkt. No. 79].

The court directs Nationwide to provide answers to Interrogatories 10 and 19 and to comply with Requests for Production 22, 35, 40, and 44.

As to the remaining interrogatories and requests for production, the court orders Nationwide to comply as limited herein.

1. *Interrogatory 8: "To what extent are employees of the Defendant rewarded for the inexpensive disbursement of claims, measured by total payouts or payouts as a percentage of reserves, or other similar system. Describe any bonus systems that reward employees for such conduct."*

---

[4] This case was reassigned to this court on July 6, 2012, after which, the Magistrate Judge was no longer assigned to this case.

Nationwide's answer of "Not Applicable" is insufficient. Nationwide is ordered to answer the interrogatory.

2. *Interrogatory 16: "How often does the defendant have meetings regarding limiting their exposure by reducing the payouts on insurance claims? Please give the schedule of such meetings from a time three years prior to Plaintiff's claim until the present."*

   *Requests for Production 16: "Minutes and Agenda for any meeting related to the limitation of exposure and the lowering of payouts on claims against Defendant's insurance policies from a time three years prior to the claim filed by Plaintiff until the present."*

Nationwide is ordered to answer Interrogatory 16 and provide the requested production for a time period beginning one (1) year prior to the filing of Motsinger's claim and up until the present and to provide minutes and agendas for such meetings within this time period.

3. *Interrogatory 17: "For each person identified as an employee, independent contractor, investigator or otherwise involved in the claim state:*
   *a. The date on which the person became involved in the Plaintiff's claim;*
   *b. The reason why the person became involved in the Plaintiff's claim;*
   *c. If they are no longer involved, the date on which they ceased involvement and the reason for the cessation of their involvement;*
   *d. If applicable, any reprimands, warnings, demotion, citations, or other disciplinary action taken with respect to the person bases upon their action or inaction with respect to the claim.*

Nationwide has provided its claim file in this matter, and Motsinger has stated that the claim file would fulfill most of this request, specifically sub-questions a – c. Nationwide objects to answering Interrogatory 17(d) on the grounds that employee records are confidential but also asserts that no such actions described in 17(d) were taken in this matter. Nationwide has sufficiently answered this interrogatory.

3

4. *Request for Production 13: "All training manuals related to the process used for the settlement of Claims against Defendant's insurance policies."*

    *Request for Production 14: "All instructional materials used in education programs related to the negotiation of Claims against defendant's insurance policies."*

    *Request for Production 15: "Any other instructional materials that are related to the training of employees in the processing of insurance claims, whether on paper, or in video, audio or electronic form."*

Nationwide is ordered to produce the requested training manual and instructional materials regarding the processing of claims that were in effect when Motsinger made her claim through the present.

5. *Request for Production 23: "All Claims files for pending or previously disposed of litigation concerning bad faith or fraudulent claims practices of the Defendant within the preceding five (5) years."*

Nationwide is ordered to provide this request with the necessary redactions to protect the privacy of the parties to the filed claims.

6. *Request for Production 24: "Any files related to any Insurance Commissioner's investigations into the claims practices of the Defendant within the preceding five (5) years. Please include investigations that occurred in any state."\*

    *Request for Production 37: "Copies of any complaints filed by or through the insurance commission of any state's Insurance Commissioner related to fraud or bad faith on behalf of Defendant or any of its subsidiaries or parent companies."*

Nationwide objects to these requests for production on the grounds that the information sought is not reasonably calculated to lead to admissible evidence, that the request is overly broad and

unduly burdensome, and that the information sought, if it exists, is within the public domain. Since the information is within the public domain, Motsinger's motion to compel Request for Production 24 is denied without prejudice.

7. *Request for Production 30: "Any agent training, booklets, or seminar materials that relate to instruction agents, claims adjusters, or salesmen have with regard to what is a "resident relative"."*

To the extent not provided in the training and educational materials above, Nationwide is ordered to produce the requested materials that were in use when Motsinger filed her claim.

8. *Request for Production 33: "Copies of all documents that relate in any way to programs, goals, or incentives employed by Defendant regarding claim cost reduction."*

9. *Request for Production 34: "Copies of all documents that relate in any way to any programs employed by Defendant regarding the eligibility for, earning or, consideration for, and award of bonuses to adjusters, claims representatives, supervisors, and other employees who handle supervise, or otherwise perform work on claims."*

Nationwide is ordered to produce the requested documents explaining or promoting bonus or incentive programs that were in place at the time Motsinger filed her claim.

10. *Request for Production 38: "Any contracts between parents, subsidiaries, or sister corporations that make those corporations liable for claims payouts or any portion of claims payouts."*

Nationwide need not provide the contracts requested in Request for Production 38, but must provide a list of parent, subsidiary or sister corporations which would be liable for claims payouts and the extent to which each would be liable.

11. *Request for Production 39: "All education and training material, including seminar materials, pamphlets, booklets, transcripts of meetings, or any other materials related to the hiring or training of sales staff."*

Plaintiff asserts that such materials, like the educational and training materials included above are necessary to determine whether Nationwide's policies are contrary to the covenants of good faith and fair dealing and whether such polices were followed in handling Motsinger's claims. While education and training materials regarding the processing of claims is clearly relevant, it is not clear how specific policies regarding sales staff in particular are relevant in this case. Therefore, Motsinger's motion to compel the items in Request for Production 39 is denied without prejudice.

12. *Request for Production 43: "Any memoranda, notes, diagrams, reports, photographs, e-mails, computer data or documents, video tapes and audio tapes, or other materials relating in any way to Defendant's process or policies related to the making of litigation decisions."*

Nationwide is ordered to produce documents or manuals relating to its process for making litigation decisions. To the extent any of the information contained within such documents or manuals is protected by attorney-client privilege or the attorney work product privilege, Nationwide may submit a privilege log listing any such documents included in this request which it deems privileged.

13. *Request for Production 45: "Documentation of Defendant's legal fees and costs, including invoices, payment receipts, past or future agreements, contracts or otherwise relating to this action or any action previously involving this Defendant and this Plaintiff including, without limitation, such information relating to 2009-DR-26-2350."*

Nationwide is ordered to provide an accounting of legal fees and costs involving Motsinger and her claims under the Nationwide insurance policies at issue in this case.

For the reasons stated above, Motsinger's Motion to Compel Discovery Responses [Dkt. no. 79] is **GRANTED** in part and **DENIED** in part. Nationwide is ordered to comply with this order within thirty (30) days.

**IT IS SO ORDERED**.

*J. Michelle Childs*

May 21, 2013
Greenville, South Carolina

United States District Judge