# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| William Workman and Carlotta Motsinger, ) <br> ) <br> Plaintiffs, ) <br> ) Civil Action No.: 4:12-cv-02567-JMC <br> v. ) <br> ) **OPINION AND ORDER** <br> Nationwide Mutual Insurance Company, ) <br> ) <br> Defendants. ) <br> _____ ) <br> Carlotta Motsinger, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No.: 4:11-cv-01734-JMC <br> v. ) <br> ) <br> Nationwide Mutual Insurance Company, ) <br> ) <br> Defendant. ) <br> _____ ) | |

This matter is before the court on Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Consolidate [Dkt. No. 19]. Nationwide argues the action captioned *William Workman and Carlotta Motsinger v. Nationwide Mutual Insurance Company,* Civil Action No.: 4:12-cv-02567-JMC, should be consolidated with related action *Carlotta Motsinger v. Nationwide Mutual Insurance Company*, Civil Action No.: 4:11-cv-01734-JMC, (together, the "Actions") for the purpose of trial.[1] Plaintiffs William Workman ("Workman") and Carlotta Motsinger ("Motsinger") oppose the Motion.

---

[1] This order will cite docket entries from both Actions, as both are relevant to the courts ruling on the Motion to Consolidate. Each citation is followed by the appropriate case number.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 10, 2008, Workman was driving a vehicle in which Motsinger was a passenger. The vehicle collided with another car, and that accident is the basis of the Actions. At the time of the incident, Motsinger had two active automobile insurance policies, both underwritten by Nationwide. Motsinger subsequently filed a claim with Nationwide and sought coverage as a Class I insured, claiming that she and Workman were common law husband and wife at the time of the accident. *See Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 509, 498 S.E.2d 865 (1998) (Class I insureds include the named insured, and the named insured's spouse and relatives residing in the household.). As a Class I insured, Motsinger would also be entitled to "stack"[2] all UIM coverage available under her two Nationwide automobile insurance policies. *See Id.*

Nationwide brought a declaratory judgment action in the Court of Common Pleas for Horry County seeking a determination as to the validity of Workman and Motsinger's common law marriage. *See* Summons and Complaint for Declaratory Judgment [Dkt. No. 20-1, Civil Action No. 4:11-cv-01734-JMC]. Motsinger and Workman subsequently filed an Answer and Counterclaim, [Dkt. No. 20-2, Civil Action No. 4:11-cv-01734-JMC], arguing that the state circuit court lacked subject matter jurisdiction to determine the validity of a common law marriage. Additionally, Motsinger and Workman filed a counterclaim, alleging that Nationwide engaged in bad faith practices by seeking a determination as to the validity of their common law marriage, because such a

---

[2] "Stacking refers to an insured's recovery of damages under more than one insurance policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted." *Nakatsu v. Encompass Indem. Co.*, 390 S.C. 172, 178, 700 S.E.2d 283, 286 (Ct. App. 2010) (quoting *State Farm Mut. Auto Ins. Co. v. Moorer*, 330 S.C. 46, 60, 496 S.E.2d 875, 883 (Ct. App. 1998)).

determination delayed the processing of their claim and ultimately led to its denial. *Id.* On or about May 14, 2010, the parties stipulated to a dismissal without prejudice of their respective claims and counterclaims in the Court of Common Pleas for Horry County. Stipulation of Dismissal [Dkt. No. 52-2, Civil Action No. 4:11-cv-01734-JMC].

On September 8, 2009, Nationwide filed a declaratory judgment action in family court. *See* Summons and Complaint for Declaratory Judgement [Dkt. No. 4-2, Civil Action No.: 4:12-cv-02567-JMC]; [Dkt. No. 20-3, Civil Action No. 4:11-cv-01734-JMC]. Subsequently, Motsinger brought her own action against Workman in family court seeking a determination that she and Workman had a common law marriage at the time of the accident. *See* Summons and Complaint [Dkt. No. 20-4, Civil Action No. 4:11-cv-01734-JMC]. Upon stipulation by Motsinger and Workman, the family court issued an order finding that the two were married at the time of the car accident at issue here. *See* Stipulation and Settlement Agreement [Dkt. No. 20-5, Civil Action No. 4:11-cv-01734-JMC]. Nationwide sought to intervene in the matter, citing its own pending action before the family court. *See* Motion to Intervene and Motion to Vacate Order [Dkt. No. 4-7]. As a result of the Motion to Intervene, the family court judge vacated the prior order finding a common law marriage. The subsequent order found that the court lacked subject matter jurisdiction to hear the case because there was never a justiciable or actual controversy between Motsinger and Workman. *See* Family Court Order [Dkt. No. 21-8, Civil Action No. 4:11-cv-01734-JMC].

On or about September 23, 2010, Motsinger individually filed an action against Nationwide in the Court of Common Pleas for Horry County, alleging that the aforementioned conduct was evidence of bad faith in failing to resolve her claim, that

3

Nationwide breached its contractual obligations of good faith and fair dealing, and that Nationwide engaged in litigation regarding the common law marriage issue that amounted to an abuse of process. *See* Second Amended Complaint [Dkt. No. 56, Civil Action No. 4:11-cv-01734-JMC]. On July 20, 2012, Workman and Motsinger jointly filed an action against Nationwide[3] in the Court of Common Pleas for Horry County, alleging that Nationwide's conduct amounted to tortious interference with their common law marriage and that Nationwide, along with its attorneys, conspired to disrupt their common law marriage. *See* Summons and Complaint [Dkt. No. 1-1]. Nationwide properly removed the Actions to this court based on the court's diversity jurisdiction. *See* Notice of Removal [Dkt. No. 1, Civil Action No.: 4:12-cv-02567-JMC]; [Dkt. No. 1, Civil Action No. 4:11-cv-01734-JMC].

Nationwide filed the instant Motion to Consolidate [Dkt. No. 19, Civil Action No.: 4:12-cv-02567-JMC], arguing that the Actions involve the same questions of law and fact pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Plaintiffs filed their Memorandum in Opposition [Dkt. No. 23, Civil Action No.: 4:12-cv-02567-JMC] to Nationwide's motion, arguing that the claims involve different facts, circumstances, and causes of action. For the reasons stated herein, Nationwide's motion is **GRANTED**.

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure provides that where actions involve a common question of law or fact, the court may "(1) join for hearing or trial any

---

[3] The initial complaint named Jennifer Barton Van Meter, a claims adjuster for Nationwide, as a defendant. However, the parties have stipulated to dismiss Barton Van Meter with prejudice. Stipulation of Dismissal with Prejudice as to Defendant Jennifer Barton Van Meter [Dkt. No. 22]. Thus, Nationwide is the only defendant in both Actions.

4

or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).  Courts enjoy broad discretion to consolidate actions pending in the same district, like these Actions. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

The Actions here stem from the same series of events: after the car accident, which was the triggering event for both Actions, Motsinger filed a claim with Nationwide seeking status as a Class I insured, whereby Nationwide sought to determine its obligation to pay the claim under a Class I status.  In seeking to determine its obligation, Nationwide sought a judicial declaration classifying the relationship between Motsinger and Workman, and this litigation caused delay in payment of the claim.  Motsinger and Workman argue that Nationwide's efforts in seeking classification of their relationship and the subsequent delay of payment caused them injury and amounted to bad faith.  Accordingly, each Action involves common questions of law and fact including whether Nationwide was unjustified in seeking a declaratory judgment, whether Nationwide acted reasonably, and whether Nationwide acted in violation of the insurance contract when it requested a court classify the relationship between Motsinger and Workman.  Because there are such common questions, the court finds that consolidation is appropriate.

Plaintiffs argue that consolidation is not appropriate here because the Actions involve different facts, circumstances, and causes of action.  [Dkt. No. 23, Civil Action No.: 4:12-cv-02567-JMC].  Plaintiffs' argument that the facts are significantly different is without merit for the reasons described above.  In addition, whether the Actions involve the same theories of liability is not dispositive to the analysis on consolidation.  *See Kelley v. U.S.*, 580 F. Supp. 2d 490, 494 (E.D. Va. 2008) (finding that a husband's loss of

5

consortium claim and a wife's separately filed personal injury claim were appropriate for consolidation, despite being different causes of action, because the claims stemmed from the same event and thus contained common questions of law and fact).  The critical question is whether the actions involve a common question of law or fact, not whether the plaintiffs have claimed the same cause of action in each action before the court.  *See* FED. R. CIV. P. 42(a).

The court also weighs the risks of prejudice to the parties and possible juror confusion to determine if consolidation is proper.  The court must consider the risks of consolidation against the risks of not consolidating, which would include common factual and legal issues being decided inconsistently, burdening the parties, witnesses and the judiciary with multiple lawsuits, the time required to conclude several actions as opposed to one, and the expense of conducting multiple trials as opposed to a single trial.  *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).  In other words, consolidation is appropriate when to do so will "foster clarity, efficiency and the avoidance of confusion and prejudice."  *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 520 (citing *Arnold*, 681 F.2d at 192-93).

Plaintiffs in the present matter have presented no arguments on why consolidation would prejudice them and this court can find no reason.  Plaintiffs are represented by the same attorney and the Actions require analysis of the same questions of law and fact.  Thus, prejudice would be avoided and efficiency encouraged by having a single trial where the factual predicate for the Actions can be established once.  Accordingly, the court finds that no prejudice will result from consolidation.   In the alternative, any

potential prejudice does not outweigh the benefit of judicial economy provided by consolidation.

## CONCLUSION

For the reasons set forth above, Nationwide's Motion to Consolidate [Dkt. No. 19] is **GRANTED** for the purpose of trial. The Clerk shall enter an amended scheduling order reflecting the consolidation. The parties are further notified that the earliest filed case, *Carlotta Motsinger v. Nationwide Mutual Insurance Company*, Civil Action No.: 4:11-cv-01734-JMC, is designated as the lead docket number for purposes of court deadlines, including the date by which all actions must be concluded.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 23, 2013
Florence, South Carolina