**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Carlotta Motsinger, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 4:11-cv-01734-JMC |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Nationwide Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Reconsider Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery [Dkt. No. 98]. The motion is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a bitter dispute between Nationwide and Plaintiff Carlotta Motsinger ("Plaintiff") over Nationwide's refusal thus far to pay claims under policies owned by Plaintiff. Specifically, Plaintiff alleges that, because she has a common law marriage with William Workman, the driver of the vehicle in the accident that precipitated these claims, she should be entitled to "stack" insurance coverages under her Nationwide automobile policies. Nationwide has made numerous attempts to determine whether Plaintiff and Workman were common law spouses, including filing a declaratory judgment action in a South Carolina state court, a South Carolina family court and now, in this court. Plaintiff has alleged that these efforts amount to bad faith, breach of contract accompanied by a fraudulent act, and abuse of process.

The instant motion concerns a discovery dispute that began with Nationwide's original objections to Plaintiff's Interrogatories and Requests for Production and Plaintiff's subsequently filed Motion to Compel [Dkt. No. 18] in which Plaintiff asserted that Nationwide's responses were incomplete and insufficient. The Magistrate Judge previously assigned to this case held a hearing on the discovery dispute and ordered Nationwide to provide supplemental responses within ten (10) days. Plaintiff found the supplemental responses insufficient and incomplete and filed a Second Motion to Compel [Dkt. No. 60]. This court dismissed the Second Motion to Compel without prejudice on the grounds that the parties had failed to consult with each other to resolve the matter after both parties had previously agreed to do so. After consultation, Plaintiff timely filed her Second Amended Motion to Compel Discovery Responses [Dkt. No. 79]. Nationwide filed a Response In Opposition [Dkt. No. 80] in which it restated its opposition to the discovery request generally, asserting that the requests were not relevant, overbroad and unduly burdensome; reiterated its belief that there was no bad faith involved in the handling of Plaintiff's claim; and focused primarily on the aggressive tactics of Plaintiff's counsel during this litigation.[1] The court issued an Order [Dkt. No. 94] granting in part and denying in part Plaintiff's Amended Motion to Compel in which it imposed some limitations on the scope of Plaintiff's discovery requests.

Nationwide has now asked the court to impose further limitations on Plaintiff's requests for production and interrogatories. Nationwide has supported its arguments that Plaintiff's

---

[1] Nationwide's prior responses similarly asserted that Plaintiff's requests were generally unreasonable, unduly burdensome and not reasonably calculated to lead to admissible evidence. *See* Defendant's Response in Opposition to Plaintiff's Motion to Compel Discovery Responses [Dkt. No. 25] and Defendant's Response in Opposition to Plaintiff's Second Motion to Compel Responses to Plaintiff's Interrogatories and Requests for Production [Dkt. No. 69]. However, Nationwide's responses did not specifically address Plaintiff's arguments as to why such production was warranted and did not provide sufficient information, as it has now done, as to why those requests were unduly burdensome.

requests are overbroad and unduly burdensome with factual background, which is very helpful to the court in setting the appropriate limits on the scope of discovery. The court now reconsiders its prior ruling in relation to the specific objections made by Nationwide.

## STANDARD OF REVIEW

This action involves a motion to compel discovery. Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P 26(b). Pursuant to rule 26(b)(2)(C), the court may limit the frequency or extent of discovery otherwise allowed on a motion from a party if it finds, among other things that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Saint Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting *American Canoe Assoc. v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003)).

## DISCUSSION

With regard to Plaintiff's Interrogatory Number 10 and Request for Production Number 23 seeking information regarding any other bad faith or fraud claims against Nationwide or its subsidiaries whether pending or previously adjudicated in the previous five (5) years, the court is convinced by the Affidavit of Peter Oesterling [Dkt. No. 100-1], Nationwide's Associate Vice

President in its Discovery Management Unit, that compliance with Plaintiff's request will be overly burdensome relative to the relevancy of the information sought and that requiring the requested production has the very real potential to delay trial.[2]  Therefore, the court orders Nationwide to produce the information requested in Interrogatory Number 10 and Request for Production Number 23 but restricts the required production to those bad faith cases against Nationwide, but not its subsidiaries, arising from automobile insurance claims in South Carolina for a period of two (2) years preceding the filing date of this case.[3]

The court further grants Nationwide's request to limit the scope of the production sought in Plaintiff's Request for Production Number 35 and Number 44 regarding information related to the wages, payment of bonuses, job performance and disciplinary actions taken against any of the Nationwide personnel involved in this case.  The payment of bonuses to employees for successfully denying or delaying otherwise valid claims, assuming such bonus payments exist, may be probative of Plaintiff's bad faith claim in this case.  However, Nationwide has argued convincingly that granting access to employee files beyond the issue of bonuses would be irrelevant and unduly burdensome, especially in light of the fact that Nationwide admitted in a previous answer to one of Plaintiff's interrogatories that none of the employees involved in this case had been the subject of disciplinary action.  Therefore, the court orders Nationwide to

---

[2] Osterling's Affidavit states that the production required in the court's previous order would take a total of 89-97 days to complete.  Trial is set in less than eighty days.  Additionally, Osterling estimates that the cost of the requested production would exceed $400,000.

[3] Nationwide sought, in the alternative for the court to hold its ruling as to Request for Production Number 23 in abeyance pending the resolution of summary judgment motions and/or completion of an effort at mediation.  The case has since been mediated by a United States Magistrate Judge. Additionally, no summary judgment motions have yet been filed regarding the bad faith, breach of contract, and abuse of process claims in this case.  Therefore the court denies Nationwide's request to hold its ruling in abeyance.

comply with the requested production but limits the scope of the production to information regarding incentives paid, if any, to Nationwide employees for their work on Plaintiff's case.

The court further reconsiders its prior order compelling Nationwide to provide information under Plaintiff's Request for Production Number 33 and Number 34 regarding explanatory documents about bonus and incentive programs. The court orders Nationwide to produce the requested documents explaining or promoting bonus or incentive programs that were in place at the time Plaintiff filed her claim and that were available to those Nationwide employees involved in Plaintiff's claims.

With regard to Plaintiff's Request for Production 45 seeking information related to Nationwide's legal fees and costs accrued in this litigation so far, the court finds it appropriate to limit the scope of such information to those litigation costs accrued prior to the filing of Plaintiff's bad faith claim. The court finds Plaintiff's argument convincing that legal funds expended by Nationwide on this case prior to the filing of the bad faith action may be relevant to Nationwide's alleged efforts to deny this claim, if those efforts were, in fact, made in bad faith. Nationwide need not produce invoices or other written communications between it and its counsel, but must provide an accounting of its legal fees paid prior to the filing of Plaintiff's bad faith action.

With regard to Plaintiff's Request for Production Number 15, which seeks Nationwide's instructional materials related to employee training in processing claims, the court orders Nationwide to produce the requested training manual and instructional materials regarding the processing of claims that were in effect when Plaintiff made her claim through the date on which Plaintiff filed the instant action and which were viewed by or related to trainings undertaken by the individuals involved with Plaintiff's claims. Similarly, the court amends its earlier ruling

with regard to Request for Production Number 30 and restricts the required production for training and instructional materials regarding what is a "resident relative" to those materials that were in effect when Plaintiff made her claim through the date on which Plaintiff filed the instant action and which were viewed by or related to trainings undertaken by the individuals involved with Plaintiff's claims.

With regard to Plaintiff's Request for Production Number 43 seeking materials related to its litigation process and protocols, the court further limits the required production to documents or manuals that are relevant to the time period of Plaintiff's claim and which are specifically related to the handling of Plaintiff's claim.

Finally, the court denies Nationwide's request that the costs of production be shifted to Plaintiff in this case. The court finds no reason to shift costs given the limitations on the scope of discovery granted herein. Nationwide is ordered to comply with the production as limited above within twenty (20) days given the looming trial date.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 2, 2013
Florence, South Carolina