# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| William Workman and Carlotta Motsinger, ) | |
| ) | **OPINION AND ORDER** |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 4:12-cv-02567-JMC |
| ) | |
| Nationwide Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| Carlotta Motsinger, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 4:11-cv-01734-JMC |
| ) | |
| Nationwide Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion for Summary Judgment and Dismissal [Dkt. No. 11, Civil Action No.: 4:12-cv-02567-JMC]. Nationwide has moved for partial summary judgment and dismissal of Plaintiffs' tortious interference with a contractual relationship and civil conspiracy claims, arguing that there is no genuine issue of material fact and that Plaintiffs cannot demonstrate elements of each claim.[1] For the reasons stated herein, Nationwide's motion is DENIED without prejudice.

---

[1] Motsinger's claims for bad faith and fair dealing and abuse of process are also pending before the court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2008, William Workman ("Workman") was driving a vehicle with passenger Carlotta Motsinger ("Motsinger," and together with Workman, "Plaintiffs"). The vehicle collided with another car, and that accident is the basis of the claims. At the time of the incident, Motsinger had two active automobile insurance policies, both underwritten by Nationwide. Motsinger subsequently filed a claim with Nationwide and sought coverage as a Class I insured, claiming that she and Workman were common law husband and wife at the time of the accident. *See Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 509, 498 S.E.2d 865 (1998) (Class I insureds include the named insured, and the named insured's spouse and relatives residing in the household.). As a Class I insured, Motsinger would also be entitled to "stack"[2] all UIM coverage available under her two Nationwide automobile insurance policies. *See Id.*

Nationwide brought a declaratory judgment action in the Court of Common Pleas for Horry County seeking a determination as to the validity of Workman and Motsinger's common law marriage. *See* Summons and Complaint for Declaratory Judgment [Dkt. No. 20-1, Civil Action No. 4:11-cv-01734-JMC]. Motsinger and Workman subsequently filed an Answer and Counterclaim, [Dkt. No. 20-2, Civil Action No. 4:11-cv-01734-JMC], arguing that the state circuit court lacked subject matter jurisdiction to determine the validity of a common law marriage. Additionally, Motsinger and Workman filed a counterclaim, alleging that Nationwide engaged in bad faith practices by seeking a determination as to the validity of their common law marriage, because seeking a

---

[2] "Stacking refers to an insured's recovery of damages under more than one insurance policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted." *Nakatsu v. Encompass Indem. Co.*, 390 S.C. 172, 178, 700 S.E.2d 283, 286 (Ct. App. 2010) (quoting *State Farm Mut. Auto Ins. Co. v. Moorer*, 330 S.C. 46, 60, 496 S.E.2d 875, 883 (Ct. App. 1998)).

determination delayed the processing of their claim and ultimately led to its denial. *Id.* On or about May 14, 2010, the parties stipulated to a dismissal without prejudice of their respective claims and counterclaims in the Court of Common Pleas for Horry County. Stipulation of Dismissal [Dkt. No. 52-2, Civil Action No. 4:11-cv-01734-JMC].

On September 8, 2009, Nationwide filed a declaratory judgment action in family court.  *See* Summons and Complaint for Declaratory Judgement [Dkt. No. 4-2, Civil Action No.: 4:12-cv-02567-JMC]; [Dkt. No. 20-3, Civil Action No. 4:11-cv-01734-JMC]. Subsequently, Motsinger brought her own action against Workman in family court seeking a determination that she and Workman had a common law marriage at the time of the accident.  *See* Summons and Complaint [Dkt. No. 20-4, Civil Action No. 4:11-cv-01734-JMC]. Upon stipulation by Motsinger and Workman, the family court issued an order finding that the two were married at the time of the car accident at issue here. *See* Stipulation and Settlement Agreement [Dkt. No. 20-5, Civil Action No. 4:11-cv-01734-JMC]. Nationwide sought to intervene in the matter, citing its own pending action before the family court. *See* Motion to Intervene and Motion to Vacate Order [Dkt. No. 4-7]. Subsequently, the family court judge vacated the prior order finding a common law marriage. The order found that the court lacked subject matter jurisdiction to hear the case because there was never a justiciable or actual controversy between Motsinger and Workman. *See* Family Court Order [Dkt. No. 21-8, Civil Action No. 4:11-cv-01734-JMC].

On or about September 23, 2010, Motsinger individually filed an action against Nationwide in the Court of Common Pleas for Horry County, alleging that the aforementioned conduct was evidence of bad faith in failing to resolve her claim, that

3

Nationwide breached its contractual obligations of good faith and fair dealing, and that Nationwide engaged in litigation regarding the common law marriage issue that amounted to an abuse of process. *See* Second Amended Complaint [Dkt. No. 56, Civil Action No. 4:11-cv-01734-JMC]. On July 20, 2012, Workman and Motsinger jointly filed an action against Nationwide[3] in the Court of Common Pleas for Horry County, alleging that Nationwide's conduct amounted to tortious interference with their common law marriage and that Nationwide, along with its attorneys, conspired to disrupt their common law marriage. *See* Summons and Complaint [Dkt. No. 1-1]. Nationwide properly removed the actions to this court based on the court's diversity jurisdiction. *See* Notice of Removal [Dkt. No. 1, Civil Action No.: 4:12-cv-02567-JMC]; [Dkt. No. 1, Civil Action No. 4:11-cv-01734-JMC]. Nationwide subsequently filed an Answer and Counterclaim seeking a declaratory judgment as to whether a common law marriage existed between Plaintiffs. On May 22, 2013, this court, finding that there were common questions of law and fact, consolidated Motsinger's action filed individually against Nationwide with her action filed against Nationwide jointly with Workman. [Dkt. No. 26, Civil Action No.: 4:12-cv-02567-JMC]; [Dkt. No. 97, Civil Action No.: 4:11-cv-01734-JMC].

Nationwide filed the instant Motion for Summary Judgment and Dismissal [Dkt. No. 11, Civil Action No.: 4:12-cv-02567-JMC], moving for partial summary judgment on Plaintiffs' tortious interference with a contractual relationship and civil conspiracy

---

[3] The initial complaint named Jennifer Barton Van Meter, a claims adjuster for Nationwide, as a defendant. However, the parties have stipulated to dismiss the action filed against Barton Van Meter with prejudice. Stipulation of Dismissal with Prejudice as to Defendant Jennifer Barton Van Meter [Dkt. No. 22]. Thus, Nationwide is the only defendant in both Actions.

claims. Nationwide argues that there is no genuine issue of material fact and that Plaintiffs cannot demonstrate elements of these claims. Plaintiffs filed their Memorandum in Opposition to Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment and Dismissal [Dkt. No. 12, Civil Action No.: 4:12-cv-02567-JMC].

## STANDARD OF REVIEW

In determining whether to grant a motion for summary judgment, the court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, to see that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to a judgment as a matter of law. The court is not to weigh the evidence but rather determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.E.2d 202 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.E.2d 538 (1986)). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.E.2d

265 (1986). Once the movant has made his threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324, 106 S. Ct. 2548. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson,* 477 U.S. at 252. Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "Summary judgment is not a disfavored procedural shortcut, but an important mechanism for weeding out claims and defenses that have no factual basis." *Greene v. Life Care Ctrs. of Am., Inc.*, 586 F. Supp. 2d 589, 592 (D.S.C. 2008) (internal quotations and bracket omitted) (quoting *Celotex*, 477 U.S. at 327).

## DISCUSSION

Nationwide moves for partial summary judgment as to Plaintiffs' tortious interference with a contractual relationship and civil conspiracy claims. In their motion, Nationwide argues Plaintiffs cannot prove the elements of these claims. To prevail in a claim for tortious interference with a contractual relationship, the plaintiff must demonstrate (1) the existence of a valid contract; (2) defendant had knowledge of the contract; (3) defendant intentionally procures the contract's breach; (4) defendant acted without justification; and (5) resulting damages. *See Eldeco, Inc. v. Charleston Cnty. Sch.*

*Dist.*, 372 S.C. 470, 480, 642 S.E.2d 726, 731 (2007) (citing *Kinard v. Crosby*, 315 S.C. 237, 240, 433 S.E.2d 835, 837 (1993)); *see also Broach v. Carter*, 399 S.C. 434, 441, 732 S.E.2d 185, 189 (Ct. App. 2012).  The plaintiff must show an actual breach of the contract.  *Eldeco*, *Inc.*, 372 S.C. at 481 (citing *First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 73, 451 S.E.2d 907, 913 (Ct. App. 1994)).  The elements of civil conspiracy in South Carolina are (1) the combination of two or more people; (2) for the purpose of injuring the plaintiff; (3) which causes special damages.  *Pye v. Estate of Fox*, 369 S.C. 555, 556-67, 633 S.E.2d 505, 511 (2006) (citing *LaMotte v. Punch Line of Columbia, Inc.*, 296 S.C. 66, 370 S.E.2d 711 (1988)).

The foundation for these claims rests upon the determination of whether Plaintiffs entered into a common law marriage.  Plaintiffs allege Nationwide's legal actions taken to determine the status of their marriage amounted to tortious interference with the marriage.  Plaintiffs rely on the same theory in making their civil conspiracy claim.  However, the determination of whether Plaintiffs are married has not yet been made and is a threshold factual issue.  [*See* Dkt. No. 81, Civil Action No.: 4:11-cv-01734-JMC] (finding that Nationwide had standing to bring a declaratory judgment action seeking a determination as to whether Motsinger and Workman were common law married).  Accordingly, Nationwide's motion is denied without prejudice.

## CONCLUSION

Defendant's Motion for Summary Judgment and Dismissal [Dkt. No. 11, Civil Action No.: 4:12-cv-02567-JMC] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 3, 2013
Greenville, South Carolina